IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC GARCIA MULERO** | : | CIVIL ACTION |
| *Petitioner* | : | |
| | : | NO. 23-1896 |
| v. | : | |
| | : | |
| **MICHAEL GOURLEY, et al.** | :: | |
| *Respondents* | : | |

# ORDER

**AND NOW**, this 3rd day of October 2023, upon consideration of Petitioner Eric Garcia Mulero's ("Petitioner") *pro se amended petition for a writ of habeas corpus*, [ECF 4], and after a careful review of the Report and Recommendation issued by United States Magistrate Judge Lynne A. Sitarski, [ECF 11], to which no objections were filed, is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Petitioner is serving a sentence of 23 to 46 years' incarceration for one count of attempted murder, two counts of aggravated assault, and one count of carrying firearms without a license. The procedural history underlying his conviction and appeals, which is the subject matter of the Report and Recommendation ("R&R") issued by United States Magistrate Judge Lynne A. Sitarski, is summarized in the R&R and is herein incorporated.

Petitioner filed an initial and amended *habeas* petition pursuant to 28 U.S.C. § 2254, seeking relief from his conviction on the ground that trial counsel was ineffective. [ECF 1, 4]. The initial petition filed on May 17, 2023, was dismissed without prejudice for failure to either pay the court filing fees or file a motion to proceed *in forma pauperis*. [ECF 3]. Petitioner filed an amended petition on June 7, 2023, that was referred to the Magistrate Judge who initially screened the petition and issued an Order, requiring Petitioner to show cause why the amended petition should not be dismissed as time-barred. [ECF 7]. Petitioner filed a response on July 10, 2023. [ECF 10]. On August 11, 2023, the Magistrate Judge issued a well-reasoned, thirteen-page R&R, thoroughly addressing the untimeliness of Petitioner's amended *habeas* petition, finding that the petition was filed 483 days after the statute of limitations expired, and recommending that Petitioner's amended *habeas* petition be dismissed, as untimely. [ECF 11].

Petitioner was mailed a copy of the R&R three days after it was filed. Pursuant to 28 U.S.C § 636(b)(1)(C) and Local Rule of Civil Procedure 72.1, Petitioner had fourteen days after being served with the R&R to file any written objections. As of the date of this Order, Petitioner has not filed any objections to the R&R, and the time to do so has long expired.

In the absence of any objections, the district court reviews an R&R under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error

2. The *amended petition for a writ of habeas corpus* is **DISMISSED**, with prejudice, without an evidentiary hearing;

3. Petitioner has not demonstrated that reasonable jurists would disagree with this Court's procedural disposition of his claim. Consequently, a certificate of appealability is **DENIED**;[2] and

4. The Clerk of Court shall mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

standard of review, the court should only reject an R&R if the magistrate judge committed an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). Here, after a thorough, independent, and careful review of the R&R, this Court finds that the Magistrate Judge correctly analyzed and concluded that Petitioner's initial and amended *habeas* petitions were untimely. That is, Petitioner failed to file his *habeas* petition within the one-year period of limitations set forth under the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), 28 U.S.C. § 2244(d)(1). The ADEPA provides a 1-year period of limitations to file an application for a writ of *habeas corpus* for a person in custody pursuant to the judgment of a state court. Petitioner has not alleged facts sufficient to show that either the doctrine of equitable tolling or statutory tolling are applicable to justify the delay in filing his petition. Under the circumstances, this Court further finds that the Magistrate Judge committed no error in the analysis of Petitioner's untimeliness. Accordingly, this Court finds that petitioner is not entitled to relief sought on his untimely amended petition and approves and adopts the R&R in its entirety.

[2]      A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability may not be issued unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* For the reasons set forth in the R&R, this Court further concludes that the amended petition is procedurally barred and no reasonable jurist could conclude that this Court erred in the procedural ruling. Accordingly, there is no basis for the issuance of a certificate of appealability.